**UNITED STATES v. NUDELMAN.**
**No. 11105.**

United States Court of Appeals Third Circuit.

Argued Aug. 17, 1953.

Decided Sept. 16, 1953.

---

4. Chesley v. Reinhardt, Tex.Civ.App., 300 S.W. 973.

Melvin Alan Bank, Philadelphia, Pa., for appellant.

James F. Brown, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

PER CURIAM.

■ The United States, appellee, filed a written motion to dismiss the appeal because it was without merit. Such a motion cannot be granted since the appeal was directed to the merits. The court having indicated that it would deny the motion, counsel for the United States in open court orally amended the original motion to one for summary judgment of affirmance of the appeal because the record could not sustain a re-versal. We authorized the amendment which is really one based on the contention that the questions raised on the appeal are so unsubstantial as not to need further argument.

Nudelman had pleaded guilty to counts 3, 4, 5 and 6 of the indictment, which charged him with violations of Section 2312, Title 18 U.S.C., for transporting stolen motor vehicles in interstate commerce. The offenses charged were separate offenses for transporting different stolen motor vehicles.

The appeal was taken on the ground that the sentences imposed were excessive, illegal and improper.

Following the argument in open court counsel for Nudelman, by a letter dated August 26, 1953, now contends that the sentences were void for a new and different reason. Counsel points to the language used by the trial judge in orally pronouncing sentence and urges that it is ambiguous and uncertain as to the time when Nudelman's period of probation is to begin and should be corrected.

■ An examination of the written judgment of sentence and commitment, however, demonstrated that even if the words spoken by the presiding judge in open court in sentencing Nudelman are ambiguous—a doubtful proposition at best—the written words of the judgment and commitment make it abundantly clear that the sentence imposed was neither vague, uncertain or indefinite. The language is as follows: "It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one (1) year on Count 6, to begin June 17, 1953, at 10:00 A.M. As to each of Counts 3, 4 and 5, it is adjudged that the imposition of sentence of imprisonment be suspended and the defendant placed on probation for a period of five (5) years on each count, to run concurrently." There is no ambiguity as to when Nudelman's prison sentence or period of probation commence.

Summary judgment of affirmance will be granted.